1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   TUAN V. TRAN,                                1:12-CV-0752 AWI GSA HC

10              Petitioner,              FINDINGS AND RECOMMENDATION
                                         REGARDING PETITION FOR WRIT OF
11       v.                              HABEAS CORPUS

12
     RALPH M. DIAZ, Warden,
13
                Respondent.
14   _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.

18          On May 8, 2012, Petitioner filed the instant petition for writ of habeas corpus.  Petitioner

19   raises several challenges to the California Board of Parole Hearings' denial of parole at his April 12,

20   2011, parole hearing.

21   A.  Preliminary Review of Petition

22          Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

23          If it plainly appears from the petition and any attached exhibits that the petitioner is not
            entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
24          to notify the petitioner.

25   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

26   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

27   dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th

28   Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it

1  appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

2  440 F.2d 13, 14 (9th Cir. 1971).  The Court will review the instant petition pursuant to its authority

3  under Rule 4.

4  B.  Failure to State a Cognizable Ground for Relief

5         On January 24, 2011, the Supreme Court issued its opinion in Swarthout v. Cooke, ___

6  U.S.___, 131 S.Ct. 859, 2011 WL 197627 (2011), and held that "the responsibility for assuring that

7  the constitutionally adequate procedures governing California's parole system are properly applied

8  rests with California courts, and is no part of the Ninth Circuit's business."  Id., 131 S.Ct. at 863.

9  The Supreme Court stated that a federal habeas court's inquiry into whether a prisoner denied parole

10  received due process is limited to determining whether the prisoner "was allowed an opportunity to

11  be heard and was provided a statement of the reasons why parole was denied."  Id., at 862, *citing*,

12  Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).  According

13  to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into

14  whether [the prisoner] received due process."  Swarthout, 131 S.Ct. at 862.  In this case, Petitioner

15  does not claim that he was denied an opportunity to be heard or that he was not provided a statement

16  of reasons for parole denial.  The majority of the petition challenges the substantive decision of the

17  parole board.  Those claims are not cognizable in a federal habeas action.  Therefore, this Court's

18  review of the parole hearing should be at an end.

19         Nevertheless, Petitioner also vaguely claims the Board violated his constitutional rights by

20  applying Marsy's Law in his case.  To the extent he alleges Marsy's Law was applied to him

21  retroactively in violation of the Ex Post Facto Clause, his claim must be rejected.  The Ex Post Facto

22  Clause of the United States Constitution prohibits the states from passing any "ex post facto law," a

23  prohibition that "is aimed at laws 'that retroactively alter the definition of crimes or increase the

24  punishment for criminal acts.'"  Cal. Dept. of Corrections v. Morales, 514 U.S. 499, 504 (1995); see

25  also Weaver v. Graham, 450 U.S. 24, 28 (1981) (providing that "[t]he ex post facto prohibition

26  forbids the Congress and the States to enact any law 'which imposes a punishment for an act which

27  was not punishable at the time it was committed; or imposes additional punishment to that then

28  prescribed.'").  The United States Supreme Court has held that "[r]etroactive changes in laws

1   governing parole of prisoners, in some instances, may be violative of this precept." Garner v. Jones,

2   529 U.S. 244, 250 (2000).

3        On November 4, 2008, California voters passed Proposition 9, the "Victims' Bill of Rights

4   Act of 2008: Marsy's Law," which, *inter alia*, altered the frequency of parole hearings for prisoners

5   not found suitable for parole.  Cal. Penal Code § 3041.5; Cal. Const., art. I, § 28.  Prior to the

6   passage of Proposition 9, in the event a prisoner was determined unsuitable for parole, a subsequent

7   parole hearing would be held annually thereafter. Cal Penal Code § 3041.5(b)(2) (2008).  If the

8   parole board determined it was not reasonable to expect parole would be granted within the next

9   year, it could defer rehearing for two years. Id.  If the prisoner was convicted of murder and it was

10   not reasonable to expect he/she would be granted parole within the year, the board could select a

11   rehearing term of up to five years. Id. Proposition 9 changed the frequency of subsequent parole

12   hearings as follows:

13        The board shall schedule the next hearing, after considering the views and interests of
the victim, as follows:

14

15        (A) Fifteen years after any hearing at which parole is denied, unless the board finds by
clear enumerated in subdivision (a) of Section 3041 are such that consideration of the public
and victim's safety does not require a more lengthy period of incarceration for the prisoner

16   than 10 additional years.

17        (B) Ten years after any hearing at which parole is denied, unless the board finds by
clear and convincing evidence that . . . consideration of the public and victim's safety does

18   not require a more lengthy period of incarceration for the prisoner than seven additional
years.

19

20        (C) Three years, five years, or seven years after any hearing at which parole is denied,
because . . . consideration of the public and victim's safety requires a more lengthy period of
incarceration for the prisoner, but does not require a more lengthy period of incarceration for

21   the prisoner  and convincing evidence that the criteria relevant to the setting of parole release
dates than seven additional years.

22

23   Cal. Penal Code § 3041.5(b)(3) (November 4, 2008).

24        Petitioner appears to claim an ex post facto violation occurred when Marsy's Law was

25   applied to him retroactively.  Prior to passage of Marsy's Law, as Petitioner was convicted of

26   murder, he was eligible for a parole review hearing in one, two or five years, in the Board's

27   discretion.  At the instant parole hearing, he was not found suitable for parole and a subsequent

28   parole hearing was postponed for five years.  Since Petitioner's subsequent parole hearing was not

1  postponed longer than it could have been under pre-existing law, the Court does not find an ex post

2  facto violation.

3       Moreover, the Court notes that the application of Marsy's Law has not been determined to be

4  an ex post facto violation.  In <u>Morales</u>, a California statute changed the frequency of reconsideration

5  hearings for parole from every year to up to three years for prisoners convicted of more than one

6  murder. 514 U.S. at 503.  The Supreme Court determined the statute did not violate ex post facto

7  because the retroactive application of the change in California law did not create "'a sufficient risk of

8  increasing the measure of punishment attached to the covered crimes.'" <u>Garner v. Jones</u>, 529 U.S.

9  244, 250 (2000), *quoting*, <u>Morales</u>, 514 U.S. at 509.  The Supreme Court noted that the law "did not

10 modify the statutory punishment for any particular offenses," it did not "alter the standards for

11 determining either the initial date of parole eligibility or an inmate's suitability for parole," and it

12 "did not change the basic structure of California's parole law." <u>Garner</u>, 529 U.S. at 250, *citing*,

13 <u>Morales</u>, 514 U.S. at 507.  Likewise, in this case Proposition 9 did not modify the punishment for

14 Petitioner's offense of kidnap for ransom, it did not alter his initial parole eligibility date, and it did

15 not change the basic structure of California's parole law.  The board must consider the same factors

16 in determining parole suitability as before.  <u>See</u> Cal. Penal Code 3041(b); Cal. Code Regs., tit. 15,

17 § 2402(b).

18      Nevertheless as noted above, in <u>Garner</u> the Supreme Court found that "[r]etroactive changes

19 in laws governing parole of prisoners, in some instances, may be violative of this precept." 529 U.S.

20 at 250.  In <u>Garner</u>, the Supreme Court determined that an amendment to Georgia's parole law did not

21 violate ex post facto even where the frequency of reconsideration hearings was changed from every

22 three years to every eight years. <u>Id</u>. at 256.  The Court held that it could not conclude that the change

23 in Georgia law lengthened the prisoner's time of actual imprisonment because Georgia law vested

24 broad discretion with the parole board to set a prisoner's date of rehearing.  <u>Id</u>. at 254-56.  In

25 addition, the Court found it significant that the parole board's own policies permitted "expedited

26 parole reviews in the event of a change in [a prisoner's] circumstance or where the Board receives

27 new information that would warrant a sooner review." <u>Id</u>. at 254 [Citation.].

28      Here, the California parole board is still vested with broad discretion in selecting a date of

1  rehearing from three years to 15 years.  Significantly, the Board retains the discretion, as did the

2  Georgia parole board in <u>Garner</u>, to advance a hearing at any time should there be a change in

3  circumstances. Pursuant to Cal. Penal Code § 3041.5(b)(4), the Board

4      may in its discretion, after considering the views and interests of the victim, advance a
    hearing set pursuant to paragraph (3) to an earlier date, when a change in circumstances or

5      new information establishes a reasonable likelihood that consideration of the public and
    victim's safety does not require the additional period of incarceration of the prisoner provided

6      in paragraph (3).

7  Based on the Supreme Court's holding in <u>Garner</u>, this Court does not find, and Petitioner has not

8  demonstrated, that Proposition 9 creates more than just a "speculative and attenuated possibility of

9  producing the prohibited effect of increasing the measure of punishment for covered crimes."

10 <u>Garner</u>, 529 U.S. at 251, *quoting*, <u>Morales</u>, 514 U.S. at 509.

11     For the above reasons, Petitioner's challenges to his parole hearing and to the Board's

12 application of Marsy's Law must fail.

13 **RECOMMENDATION**

14     Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus

15 be SUMMARILY DISMISSED with prejudice for failure to state cognizable claims for relief.

16     This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United

17 States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

18 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

19     Within thirty (30) days after date of service of this Findings and Recommendation, Petitioner

20 may file written objections with the Court.  Such a document should be captioned "Objections to

21 Magistrate Judge's Findings and Recommendation."  The Finding and Recommendation will then be

22 submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. §

23 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may

24 waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.

25 1991).

26

27     IT IS SO ORDERED.

28     **Dated:**   **May 21, 2012**         **/s/ Gary S. Austin**

1   UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28